## 10856

### STROM v. PAYNE, DIRECTOR GENERAL *ET AL.*

#### (111 S. E. 798)

1. RAILROADS—ENGINEER AND FIREMAN LIABLE FOR FAILURE TO GIVE STATUTORY SIGNALS.—As the statute requires the engineer and fireman of a train to blow the whistle or ring the bell on the approach of the train to a crossing, their failure to give such signals renders them personally liable for injuries resulting therefrom as a proximate cause.

2. RAILROADS—LIABILITY OF COMPANY FOR OMISSION OF SIGNALS DEPENDENT ON LIABILITY OF EMPLOYEES.—The liability of the operator of a railroad for failure to give the statutory crossing signals is dependent on the liability of the engineer or fireman for such failure, and if the latter are not liable the former cannot be.

3. TRIAL—ERROR IN INSTRUCTION HELD CURED BY WITHDRAWAL OF ISSUES.—Where in an action against the Director General of Railroads and the engineer and fireman of a train, there were certain allegations of negligence for which the engineer and fireman were not responsible, the error in the charge of the Court that the jury could find against any one of the defendants was cured, where plaintiff, before the case was submitted to the jury, withdrew all issues of negligence, except that of failure to give the statutory signals, as to which act all of the defendants might be held liable.

4. TRIAL—INSTRUCTION HELD NOT OBJECTIONABLE AS A CHARGE ON THE FACTS.—Where in an action against the Director General of Railroads and the engineer and fireman of a train for injuries resulting from failure to give statutory signals at a crossing, the plaintiff withdrew the issue of negligence as against the fireman, an instruction by the Court to the effect that "the engineer is the responsible man" was not objectionable as a charge on the facts.

5. TRIAL—VERDICT HELD SUFFICIENTLY DEFINITE AS TO SPECIFICATION OF DEFENDANTS.—In an action against the Director General of Railroads and the engineer of a train, for injuries resulting from failure to give the statutory signals at a crossing, a verdict, "We find for the plaintiff against Walker D. Hines and Capers Madden," *held* sufficient, though it failed to indicate that Walker D. Hines was Director General of Railroads; the omission being a mere clerical error.

6. APPEAL AND ERROR—EXCEPTION MERELY REFERRING TO RECORD HELD INSUFFICIENT.—Exceptions which do not state any error, but merely refer to portions of the record, cannot be considered on appeal.

Before Gary, J., Edgefield, March, 1921. Affirmed.

Action by Walter T. Strom against John Barton Payne, Director General of Railroads, Capers Madden and John L. George, defendants. From judgment against the Director General and Capers Madden said defendants appeal.

*Messrs. N. G. Evans* and *George B. Cromer,* for appellant, cite: *Defendants were sued as joint tort feasors and verdict must be against all or none:* 104 S. C. 226; 89 S. C. 408; 106 S. C. 20. *Charge on the facts:* 14 R. C. L., 740-6; Const. 1895, Article 5, Sec. 26; 69 S. C. 434; 52 S. C. 323; 11 Enc., Pl. & Pr., 58; 91 S. C. 201; 81 S. C. 541; 82 S. C 321. *The jury is bound to take the charge of the Court as the law:* 14 L. R. A., 89; 19 L. R. A., 145; 36 A. S. R., 775; 14 R. C. L., 751; 128 Ga. 87. *Contradictory instructions ground for reversal:* 171 Ind. 589; 14 R. C. L., 545, 777, 778. *Even though some are correct:* 38 Cyc. 1606-7; 14 R. C. L., 27, 760. *The Judge cannot adopt language of counsel if on the facts:* 14 R. C. L., 42, 773. *Expression of opinion that engineer was responsible party was error:* 84 S. C. 526; 38 Cyc. 1507. *Matters of fact are exclusively for the jury:* 38 Cyc. 1647; 25 S. C. 175; 31 S. C. 238; 14 R. C. L., 34, 775. *Any remark by Judge indicating opinion as to evidence whether intentional or not, is error:* 32 S. C. 591; 30 S. C. 284; 30 Cyc. 1647; 21 S. C. 595; 91 S. C. 201; 114 S. C. 88.

*Messrs. George Bell Timmerman* and *T. C. Callison,* for respondent, cite: *Error must be material and adversely affect the rights of the parties complaining:* 108 S. E. 93; 106 S. E. 76; 105 S. E. 341; 105 S. E. 350; 104 S. E. 567; 114 S. C. 260; 109 S. C. 387; 108 S. C. 130; 114 S. C. 241. *Prejudicial error must be shown:* 109 S. C. 257; 109 S. C. 346; 110 S. C. 240; 110 S. C. 284; 111 S. C. 429; 112 S. C. 177. *Error must be specifically stated in*

*an exception*: 91 S. C. 228.  *Objection to form of ver-dict should have been made at trial*: 82 S. C. 198; 97 S. C. 388; 69 S. C. 454; 80 S. E. 497.  *The Court can amend clerical errors in verdict to conform to facts*: 22 Enc. Pl. & Pr. 962; 10 S. C. 493; 75 S. C. 230; 76 S. C. 505.

April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages to the plaintiff at a railroad crossing.  The engineer and fireman were joined as parties defendant. Many acts of negligence were alleged.  The negligence alleged was that there was a want of notice to those who were using the crossing.  The plaintiff was a stranger in the neighborhood and to the whole surroundings.  He alleges that he was on the railroad track, and the train was upon him before he knew of the danger.  Among other specifications of negligence, there was alleged a failure to blow the whistle or ring the bell.  The engineer and fireman were not in any way connected with some of the allegations of negligence.  It was their duty under the statute to blow the whistle or ring the bell, and if they did not do so, and the injury resulted from such failure, as the proximate cause, then they were responsible.  If they performed this duty, then (for that cause) the Director General was not liable.  The liability of the Director General (for that cause) depended upon the liability of the engineer or fireman.  There were other specifications of negligence, however, for which the engineer and fireman were in no way liable.

When the presiding Judge came to charge the jury, he told them that they might find against any one of the defendants.  That charge was correct, taking the whole complaint and the whole evidence.  The conflict among the witnesses was as to the statutory sig-

nals. After his Honor had charged the jury that they could find against any one of the defendants, the plaintiff's attorney said that he did not think a verdict against the Director General alone would be good. He also stated that he did not think that the fireman was responsible, but that the jury could find against the Director General and the engineer as the responsible man. The practical effect was to reduce the issue to the statutory signals and to withdraw the claim against the fireman.

I. The first assignment of error is that the presiding Judge made inconsistent charges. As above explained, the charges are not inconsistent. The defendant was not prejudiced by reducing the issue to one specification of negligence.

II. The next specification of error is the claim that the Judge charged on the facts when he said, "The engineer is the responsible man." The statute makes the engineer and fireman responsible for the ringing of the bell and the blowing of the whistle, and there was no objection to the withdrawal of the action against the fireman.

III. The next exception is as to the form of the verdict. The vedict was:

"We find for the plaintiff * * * against Walker D. Hines and Capers Madden."

The words "Director General" were omitted. That was a mere clerical error, that cannot produce confusion. The whole record shows that the verdict was against Mr. Hines in his official character, and not as an individual.

IV. The fourth and fifth exceptions do not state any error, but merely refer to other portions of the record, and cannot be considered.

The judgment is affirmed.

MR. JUSTICE WATTS did not participate on account of sickness.